UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AMY FRENCH, a person with a disability, by
her parent, GARY FRENCH,

                              Plaintiff,

                      v.                              5:04-CV-434
                                                              (FJS/GJD)

NEW YORK STATE DEPARTMENT OF
EDUCATION, FAYETTEVILLE-MANLIUS
BOARD OF EDUCATION, Superintendent
of Schools, DR. PHILIP MARTIN, and Assistant
Superintendent LISA MIORI-DINNEEN,

                              Defendants.

---

**APPEARANCES**                                   **OF COUNSEL**

**GARY FRENCH**
Manlius, New York 13104
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **ADRIENNE J. KERWIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant New York State
Department of Education

**BOND, SCHOENECK & KING, PLLC**     **JONATHAN B. FELLOWS, ESQ.**
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for Defendants Fayetteville-Manlius
Board of Education; Superintendent of Schools
Dr. Philip Martin; and Assistant Superintendent
Lisa Miori-Dinneen.

**SCULLIN, Senior Judge**

**ORDER**

Gary French, appearing *pro se* on behalf of his daughter Amy French, brought this action alleging causes of action under the Individuals with Disabilities Education Act, Articles 65 and 89 of the New York Education Law, 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.  *See* Complaint *generally*.  Defendants Fayetteville-Manlius Board of Education, Superintendent of Schools Dr. Philip Martin, and Assistant Superintendent Lisa Miori-Dinneen have filed a motion for summary judgment; and Defendant New York State Department of Education has filed a motion to dismiss.

In the Second Circuit, "'a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.'"  *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 124 (2d Cir. 1998) (per curiam) (quotation omitted).  The Court recognizes that the Supreme Court recently held that parents have independent rights under the IDEA.  *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, --- U.S. ----, 127 S. Ct. 1994, 2005 (2007) ("We conclude IDEA grants parents independent, enforceable rights.  These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child.").  In doing so, however, the Supreme Court did not reach the question of whether parents are entitled to litigate their children's claims *pro se*.  *See id.*, 127 S. Ct. at 2007 ("In light of our holding we need not reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*.").

The Second Circuit very recently recognized the distinction in *Winkelman* between parents' and children's rights under the IDEA.  *See U.S. ex rel. Mergent Servs. v. Flaherty*, --- F.3d ---, 2008 WL 3840769, *5 n.2 (2d Cir. Aug. 19, 2008) (noting, in a *qui tam* action, that

"*Winkelman* reaffirmed the rights of parents, who have rights under the IDEA distinct from those afforded their children, to assert their own interest *pro se*" (citation omitted)).

Therefore, based upon the relevant case law, the Court concludes that Gary French cannot pursue the claims in the complaint, all of which he asserted on behalf of his daughter, Amy French, *pro se*. *See* Complaint at ¶ 5. In the interests of fairness and justice, however, the Court will provide Gary French with two options to correct this problem: (1) he may hire an attorney, seek *pro bono* counsel, or otherwise acquire legal representation and continue to pursue the complaint as filed; or (2) he may, and the Court hereby grants leave to, amend the complaint to assert only his own claims and continue to appear *pro se*.

Accordingly, the Court hereby

**ORDERS** that, within forty-five (45) days from the date of this Order, Gary French shall either notify the Court and opposing counsel in writing that he has obtained counsel to represent his daughter's claims or file an amended complaint in a manner consistent with this Order such that he is only asserting claims on his own behalf; and the Court further

**ORDERS** that, if Plaintiff fails to comply with the terms of this Order within forty-five (45) days from the date of this Order, the Court will dismiss the complaint without prejudice and without further order; and the Court further

**ORDERS** that Defendants Fayetteville-Manlius Board of Education, Superintendent of Schools Dr. Philip Martin, and Assistant Superintendent Lisa Miori-Dinneen's motion for summary judgment is **DENIED** without prejudice and with leave to renew; and the Court further

**ORDERS** that Defendant New York State Department of Education's motion to dismiss is **DENIED** without prejudice and with leave to renew after renew.

**IT IS SO ORDERED.**

Dated: September 24, 2008
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge